**McALESTER URBAN RENEWAL AUTHORITY, Appellant,**

v.

**Jessie HAMILTON et al., Appellees.**

No. 45904.

Supreme Court of Oklahoma.

April 16, 1974.

Bratton, Allford & Ashmore by Gary W. Dugger, McAlester, for appellant.

Gotcher, Gotcher & Gotcher, McAlester, for appellees.

BERRY, Justice:

The issue presented herein is whether the trial court's order requiring McAlester Urban Renewal Authority [the Authority] to pay appellees an attorney fee and interest thereon should be reversed.

The Authority instituted this action to condemn real property belonging to appellees. The commissioners fixed the value of the property at $9,705. Appellees demanded trial by jury. The jury awarded $15,560 as damages.

Appellees' attorney filed a motion requesting the trial court to award appellees a reasonable attorney fee. The motion was filed pursuant to 11 O.S.1971 § 1663(f).

Section 1663(f) provides in part:

"* * * if the verdict of the jury exceeds the award of the court appointed commissioners, the court may reward a reasonable attorney fee to the defendant or defendants which shall be paid by the condemner."

The trial court heard evidence concerning a reasonable attorney fee for this case. It entered an order awarding appellees a $2,000 attorney fee to be taxed as costs. The trial court further found appellees were entitled to interest on the award at the rate of 10% per annum.

On appeal the Authority first contends the order awarding the attorney fee and § 1663(f) are unconstitutional under various provisions of the Constitutions of the United States and the State of Oklahoma.

In the recent case of McAlester Urban Renewal Authority v. Cuzalina, Okl., 520 P.2d 656, we rejeced identical contentions concerning the constitutionality of § 1663 (f). Therefore, we conclude this contention is without merit.

In addition the Authority cites S.L.1971, Ch. 355, which has been codified as 27 O. S.1971 §§ 9 through 15.

This Act is applicable to acquisition of real property under the laws of this State for public use in any program or project in which federal, state or local funds are used. 27 O.S.1971 § 9.

27 O.S.1971 §§ 11 and 12 set out certain circumstances wherein the owner of property shall be paid for reasonable attorney fees actually incurred because of the condemnation proceeding. These sections do not require payment of an attorney fee to the landowner under the circumstances of this case.

Section 8 of the session law was a general repealer clause repealing all other laws or parts of laws in conflict therewith.

The Authority contends § 1663(f) conflicts with 27 O.S.1971 §§ 11 and 12, and therefore has been repealed by the latter statutes.

There is nothing in §§ 11 and 12 which indicates a legislative intent that attorney fees are to be awarded only in the circumstances set out in §§ 11 and 12. We therefore find §§ 11 and 12 are not in conflict with or inconsistent with § 1663(f).

The Authority next contends the trial court's order should be reversed insofar as it awards interest on the attorney fee.

The trial court held the order was a judgment within 12 O.S.1971 § 727.

Section 727 provides in part as follows:

"All judgments of courts of record shall bear interest, at the rate of ten percent (10%) per annum, from the date of rendition, provided that:

"1. When a rate of interest is specified in a contract, the rate therein shall apply to the judgment debt and be specified in the journal entry of judgment; however, said rate shall not exceed the lawful rate for such obligation * * *."

The Authority contends attorney fees awarded pursuant to § 1663(f) are to be taxed as costs. It further contends the word judgment, as used in § 727, does not include awards for costs.

Appellees contend § 1663(f) does not specifically state attorney fees are to be taxed as costs, but provides in certain circumstances "the court may reward" a reasonable attorney fee to defendants.

We recognize there is a distinction between awarding of costs and taxation of costs. 20 Am.Jur.2d, Costs §§ 87–89. However, we conclude this distinction is not relevant to the issue of whether attorney fees are costs.

■ Costs are statutory allowances to a party to an action for his expenses incurred in the action. Hoffman v. Morgan, 206 Okl. 567, 245 P.2d 67. 20 Am.Jur.2d, Costs § 72, states:

"Where attorneys' fees are allowed to the successful party, they are in the nature of costs and are taxable and treated as such. * * *"

Furthermore, we note the trial court held the attorney fee was to be taxed as costs. In Smith v. Ogle, 196 Okl. 295, 164 P.2d 992, the trial court considered a statute which provided:

"* * * The court * * * shall * * * allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

There the trial court proceeded upon the theory the statute authorized allowance of attorney fees as costs. On appeal no citations or authorities were presented concerning whether the attorney fee provided by statute was costs. We therefore presumed the trial court's ruling was correct.

■ We conclude attorney fees awarded pursuant to § 1663(f) are to be treated as costs.

This raises the question of whether an order awarding costs is a judgment within § 727.

We note the first proviso of § 727 provides "when a rate of interest is specified in a contract, the rate therein shall apply to the judgment debt * * *; however, said rate sall not exceed the lawful rate for such obligation * * *."

We perceive no distinction between the term "judgment of courts of record" as used in the general clause of § 727 and the term "judgment debt" as used in the first proviso.

If the term judgment as used in § 727 includes costs, a party coming within the general clause will receive interest of 10% upon costs. A party coming within the first proviso will receive interest on costs at the contract rate.

In McManus v. Burrows, 206 Mo.App. 528, 230 S.W. 129, the court quoted the following statute:

"Interest shall be allowed on all money due upon any judgment or order of any court, from the day of rendering the same until satisfaction be made by payment, accord or sale of property; *all such judgments and orders for money upon contracts bearing more than six per cent interest shall bear the same interest borne by such contracts,* and all other judgments and orders for money shall bear six per cent interest per annum until satisfaction made * * *."

There that court stated:

"The words 'judgment or order' as used in this statute have reference to the merits of the case, and not to mere incidental allowances for costs. This is made clear by the italicized portion of

the statute, which makes 'the judgment or order' for the payment of money bear interest at the contract rate."

 We conclude the term judgment as used in § 727 does not include costs.

We have found no other statute authorizing interest on attorney fees awarded pursuant to § 1663(f). 20 C.J.S. Costs § 190, states in part:

"* * * in the absence of a statute authorizing it, interest on the costs awarded cannot as a general rule be allowed * * *."

Therefore we conclude the trial court erred in awarding interest upon the attorney fee.

The trial court's order is affirmed insofar as it awards a $2,000 attorney fee to appellees and reversed insofar as it holds the attorney fee is to bear interest at the rate of 10% per annum.

DAVISON, C. J., WILLIAMS, V. C. J. and IRWIN, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.