**1336**

The UNITED STATES of America, For the Use of HARTER CONCRETE PRODUCTS, INC., a corporation, Plaintiff,

v.

BUCKNER & MOORE, INC., a corporation,

and

SAFECO INSURANCE COMPANY OF AMERICA, a corporation, Defendants,

v.

JERRY BOTCHLET MASONRY CONST. CO., a corporation, Defendant and Third Party Defendant.

No. CIV-78-01108-D.

United States District Court, Western Dist. of Oklahoma.

Nov. 13, 1980.

Harvey L. Harmon, Jr. and Harvey L. Harmon, Sr., Oklahoma City, Okl., for plaintiff.

David A. Cheek and Kenneth McKinney, Oklahoma City, Okl., for defendants.

Clyde A. Lewis and Odie A. Nance, Oklahoma City, Okl., for third-party defendant.

## ORDER

DAUGHERTY, Chief Judge.

Upon consideration of Plaintiff's Motion to Correct Judgment filed in this case on October 27, 1980, and Defendant Jerry Botchlet Masonry Const. Co.'s (Botchlet) response thereto, the Court determines that said Motion should be granted except insofar as Plaintiff seeks post-judgment interest on the award of attorney's fees herein. Examination of the contract between Plaintiff and Botchlet reveals that the 18% interest provision contained therein applies only to the principal amount of any past due account between Plaintiff and Botchlet and not to any collection costs or attorney's fees incurred in an effort to satisfy such an account. 12 Okla.Stat.1971 § 936 does not provide for interest on an award of an attorney fee thereunder which award is to be taxed as costs. Therefore, in the absence of a contractual provision or statute specifically allowing Plaintiff interest on attorney's fees, the Court is of the opinion that the attorney's fees awarded Plaintiff in this case should be treated as costs and are thus not subject to interest under 12 Okla.Stat.Supp.1979 § 727. *See McAlester Urban Renewal Authority v. Hamilton*, 521 P.2d 823 (Okl.1974). Accordingly, an amended judgment will be entered by the Court on this date.