INDEPENDENT SCHOOL DISTRICT # 52 OF OKLAHOMA COUNTY, Oklahoma; Independent School District # 12 of Oklahoma County, Oklahoma; Independent School District # 41 of Oklahoma County, Oklahoma, Appellants,

v.

OKLAHOMA INDUSTRIES AUTHORITY, a Public Trust; and Edward L. Gaylord, Dean A. McGee, Edward C. Joullian III, Donald S. Kennedy, Charles A. Vose, Stanton L. Young, John R. Parsons, and Wilfred A. Clarke, as Trustees of the Oklahoma Industries Authority, Plaintiffs in the Trial Court, and Joe Barnes, County Treasurer of Oklahoma County, Oklahoma; and Board of County Commissioners of Oklahoma County, Oklahoma, Defendants in the Trial Court, Appellees.

No. 55313.

Supreme Court of Oklahoma.

June 1, 1982.

Lana Jeanne Tyree, Oklahoma City, for appellants.

Peter T. Van Dyke and David E. Nichols, Lytle, Soule, Curlee, Harrington, Chandler & Van Dyke, Oklahoma City, for appellees.

DOOLIN, Justice:

The issue for resolution is simply stated: do appellants (school districts) have the right to intervene as necessary and indispensable parties under either 60 O.S.1971, § 175.23(C) or 12 O.S.1971, § 236? Trial court ruled they did not and dismissed their application. They filed a timely appeal.

The Oklahoma Industries Authority (OIA) is a public trust created pursuant to provisions of 60 O.S.1971, § 176 et seq. One function was to collect payments in

lieu of ad valorem taxes under § 178.7,[1] and to distribute said payments either to the county treasurer or to local units of government in areas impacted by the business making the payment.

In *State ex rel. Cartwright v. Dunbar*, 618 P.2d 900 (Okl.1980), we held the provisions of § 178.7 are unconstitutional as applied after December 31, 1979, so we presume no money has accumulated since *Dunbar*, supra.

OIA had collected slightly more than $1,000,000.00 in "in lieu of taxes" for the calendar year 1979, and school districts made written demand that those funds be paid to the county treasurer. OIA thereupon asked the district court to determine whether those funds should be paid to the county treasurer or distributed as mandated in § 178.7. School districts sought to intervene as "necessary and indispensable parties" but the trial court denied their application.

They appeal.

I

School districts argue they are specifically allowed by 60 O.S.1971, § 175.23(C) to intervene. Section 175.23(C) reads as follows:

"C. Actions hereunder may be brought by a trustee, beneficiary, or any person affected by the administration of the trust estate. If the action is predicated upon any act or obligation of any beneficiary, such beneficiary shall be a necessary party to the proceedings. The only necessary parties to such actions shall be those persons designated by name in the instrument creating the trust, and any persons who may be actually receiving distributions from the trust estate at the time the action is filed; contingent beneficiaries designated as a class shall not be necessary parties."

The questions for resolution are stated as follows: (1) are school districts specifically permitted to intervene under authority of 60 O.S.1971, § 175.23(C); and if not, (2) are school districts entitled to intervene as necessary and indispensable parties under authority of 12 O.S.1971, § 236?

School districts cite us to precious little authority for their argument, perhaps because there is but little or no case law. We must rely on the common sense wording of the statute. Our one decision to date on § 175.23 notes that absence of necessary parties is a jurisdictional deficiency which may be raised on appeal. *First National Bank of Enid v. Clark*, 402 P.2d 248 (Okl. 1965).

OIA's argument is two-fold: (1) school districts are not beneficiaries under the trust indenture involved in the instant case and (2) they are not affected by resolution of this one issue; they will only be affected if the ultimate distribution is made in a manner which deprives them of their proper share. The sole beneficiary involved in this proceeding is Oklahoma County.

OIA intertwines its argument with school district's second proposition, that it is a necessary party to the proceedings. It argues school districts would lose none of their rights by any judgment of the district court in the case at bar; that they will receive an equal amount of funds, whether the money is turned over to the county treasurer's general fund or distributed un-

1. "§ 178.7: ... Prior to the tenth anniversary date of the issuance of such revenue bonds, notes or other evidences of indebtedness, the public trust shall elect, pursuant to a written notice of election filed with the county assessor and the county treasurer of the county in which the project property is located, either (a) to cause said annual in lieu of payments to be paid directly to said county and collected and distributed by said county treasurer in the manner then provided by law for ad valorem tax payments, or (b) to cause said annual in lieu of payments to be paid to said public trust and distributed as received by it to *the local units of government* in the impact area of the project supplying services and facilities to the industrial project and its employees in the proportions that the public trust shall determine to be equitable under the circumstances, *with total distribution to all impacted school districts of not less than the percentage that would have been received in ad valorem taxes, by the school districts in the county where the facility is located, if imposed, ...'* (Emphasis supplied.)

**1278**

der the impacted section of the trust agreement.

However such argument convolutes a clear reading of the statute, 60 O.S.1971, § 175.23(C): school districts are, without doubt, beneficiaries under the trust agreement; OIA admits such when it concedes school districts have received impacted aid from OIA in the past: "... the school districts are guaranteed a constitutional minimum percentage of the subjects' funds whether said funds are distributed directly to the Oklahoma County Treasurer or by OIA to the local units of government in the impact area pursuant to 60 O.S.1971, § 178.7(b)."

It argues that at such time as the funds are distributed under either method, the school districts can institute the appropriate proceedings in the event they do not receive the constitutionally guaranteed minimum percentage.

Such argument would be pursuasive indeed, except for § 175.23(C) which mandates that beneficiaries of the trust agreement are necessary parties to any action.

School districts might also argue that the section in question [175.23(C)] contains a prerequisite to the admission of a beneficiary as a necessary party: that the action under this section must be "predicated upon *any* act or obligation of any beneficiary ..." There is no doubt that the school districts made written demand upon OIA that the in lieu of money be paid into the general funds of the county treasurer, and shortly after such demand this declaratory judgment was filed to resolve the question of proper depository of the funds. We view such demand letter as within the definition of "any act" described in the statute.

Having found that school districts are statutorily authorized to become a necessary party to the lawsuit, we need not reach a ruling on whether they would qualify as a necessary party under any other law of our state.

**REVERSED AND REMANDED TO DISTRICT COURT TO ADMIT APPELLANTS AS NECESSARY PARTIES.**

BARNES, V.C.J., and LAVENDER, SIMMS, HARGRAVE and WILSON, JJ., concur.

OPALA, J., concurs in part; dissents in part.

IRWIN, C. J., and HODGES, J., dissent.