Jasper ROBINSON, the American Iris Society Foundation, and Orville Don Austin, as beneficiaries of the Helen Marie McCaughey Testamentary Trust, Appellees,

v.

Marvella Jo KIRBIE and Lucille Ward, individually and as co-Trustees of the Helen Marie McCaughey Testamentary Trust, Appellants.

No. 67604.

Court of Appeals of Oklahoma, Division No. 3.

May 29, 1990.

Lesley D. Smith, Oklahoma City, for appellant Kirbie.

Clell I. Cunningham, III and James A. Scimeca, Miller, Dollarhide, Dawson & Shaw, Oklahoma City, for appellee Orville Don Austin.

Lee M. Holmes, Ellison & Holmes, Oklahoma City, for appellee Jasper Robinson.

Steven K. McKinney, Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, for appellee American Iris Soc. Foundation.

## MEMORANDUM OPINION

BAILEY, Judge:

Appellant Marvella Jo Kirbie (Appellant or Kirbie) seeks review of the Trial Court's order granting judgment to Appellees Jasper Robinson, Orville Don Austin and American Iris Society Foundation (Robinson, Austin, Foundation or collectively Beneficiaries). By her Last Will and Testament, Decedent Helen Marie McCaughey (Decedent) created the Helen Marie McCaughey Testamentary Trust (Trust). The assets of the Trust consisted of substantial oil and gas properties, gold and silver ingots, a coin and stamp collection, and other

valuable personalty. Decedent designated Robinson, the 63–year old brother of Decedent, and Austin, Decedent's 53–year old nephew (suffering from cerebral palsy and requiring around-the-clock care), as primary beneficiaries of the Trust. Decedent nominated Kirbie and Appellant Lucille Ward (Ward) as co-trustees, and designated Foundation and the co-trustees as residuary beneficiaries after the death of the last surviving primary beneficiary.

The Trust directed provision of necessities for Robinson and Austin in an amount determined by reference to Social Security benefits provided to similarly situated persons (plus an additional fractional sum for "entertainment"), and granted the co-trustees, Kirbie and Ward, broad discretion in managing Trust assets and making distributions therefrom. Shortly after Decedent's death in 1982, Austin wrote Kirbie, professing financial need for his care, and requesting information regarding provisions for him in Trust. Kirbie wrote back, saying that Decedent left no money in the Trust for Austin, and representing that Decedent had spent most of her money during her lifetime and had left most of Decedent's remaining assets to another relative.

Kirbie and Ward apparently made only one distribution of $500 to Robinson and none to Austin during their tenure as co-trustees. However, during the period from 1984 through early 1986, the Trust apparently earned about $250,000. Beneficiaries later showed at trial that in that same period, co-trustees paid themselves over $180,000 in trustee fees and wages for managing the Trust. An expert witness later testified that the trustee fees charged by co-trustees appeared in excess of trustee fees generally charged in the community. The co-trustees also leased for themselves two automobiles which they used to pick up royalty checks and make bank deposits, and charged the Trust for the costs thereof, including maintenance and fuel expenses.

In January, 1985, Robinson employed legal counsel and made demand on co-trustees for an accounting and distribution of trust monies. Co-trustees apparently did not reply to Robinson's demands. Robinson then commenced the present action against the co-trustees for an accounting of trust assets, removal of the co-trustees, appointment of new trustee, restitution of fees wrongfully paid by co-trustees to themselves, and actual and punitive damages for fraud and gross negligence. In his suit, Robinson named Austin and Foundation as additional defendants. The Trial Court later realigned Austin and Foundation as party-plaintiffs.

After hearing the evidence, the Trial Court found that Kirbie and Ward had embezzled and converted trust property to their own use, and had paid themselves unreasonable fees. The Court thus entered judgment removing Kirbie and Ward as co-trustees, and appointed a successor. Also in its judgment, the Trial Court awarded judgment for the Trust against each co-trustee for the sum of $82,500, "surcharging" any part of the judgment unpaid by co-trustees against the co-trustees' residual interest in the Trust. The Court further granted judgment for Austin and Robinson against each co-trustee in the sum of $25,000 in actual damages and $25,000 in punitive damages, and for Austin and Robinson against the Trust for $25,000. On request therefor, the Trial Court also allowed Beneficiaries attorneys' fees and interest thereon against Kirbie and Ward.

Kirbie and Ward commenced the instant appeal from the Trial Court's judgment, but the Supreme Court subsequently dismissed Ward's appeal as untimely. Herein, Kirbie asserts (1) abuse of discretion by the Trial Court in substituting its judgment for that of the clearly expressed intentions of Decedent/Testatrix regarding co-trustees' discretion in distributions to beneficiaries, (2) error of law by the Trial Court in holding Kirbie personally liable for actual and punitive damages, and (3) error of law by the Trial Court in allowing Beneficiaries attorneys' fees and interest thereon against Kirbie.

Our Supreme Court has previously observed:

[W]here there is no ambiguity and the language of the declaration of trust is clear and plainly susceptible of only one construction, the plain provisions of the trust instrument must determine its construction. (Citations omitted.) ... [T]rust instruments generally are to be construed in favor of the beneficiaries thereof,.... (Citations omitted.) The interpretation of the language of a trust instrument [presents] a question of law for the court.

*Matter of Home–Stake Production Co. Deferred Compensation Trust*, 598 P.2d 1193, 1196 (Okl.1979); see also, *Evans v. First Nat'l. Bank of Stillwater*, 200 Okl. 248, 192 P.2d 666 (1948).

As elsewhere noted:

The intention of the creator of the [testamentary] trust, as gathered from the terms of the trust instrument, controls the disposition of the income arising from the trust property, and all of the provisions of such instrument are to be considered. (Citations omitted.)

In *Buck v. Cavett*, [353 P.2d 475 (Okl.1960)], this court held that the discretion of the trustees of the trust, relative to the reasonably necessary care, maintenance and support of the beneficiar[ies], must be exercised honestly, fairly and reasonably to accomplish the purpose of the trust.

*Cavett v. Buck*, 397 P.2d 901, 904 (Okl. 1964).

 Thus, the discretion granted trustees is not without limits. *Pipkin v. Pipkin*, 393 P.2d 534, 537 (Okl.1964) (trustee does not have unbridled power to deal with trust assets). A trustee stands subject to removal and forfeiture of compensation where cause is shown therefor. *Restatement of Laws, Second, Trusts 2d*, § 107; 60 O.S.1981 § 175.39; *Crews v. Willis*, 195 Okl. 475, 159 P.2d 251 (1945); *Mertz v. Owen*, 191 Okl. 77, 126 P.2d 720 (1942). Where the trustee breaches the trust by wasting, embezzling and/or converting trust property to the trustee's own use, the trustee is personally liable therefor. *Restatement of Trusts 2d*, §§ 202–

213; *Lewis v. Ingram*, 57 F.2d 463 (10th Cir.1932), cert. den., 287 U.S. 614, 53 S.Ct. 16, 77 L.Ed. 533; *Hivick v. Hemme*, 118 Okl. 167, 247 P. 692 (1926). Where a trustee fails to exercise powers granted, the Court will intervene to direct payments for the care and maintenance of beneficiaries. *Restatement of Trusts 2d*, § 187, comm. (h), illus. (7). Where a trustee refuses to make a distribution between two or more valid beneficiaries, the Court may order such a distribution. *Restatement of Trusts 2d*, § 420. As in other equity cases generally, the Trial Court's judgment in review of trustee's discretionary acts or for accounting will not be disturbed on appeal unless clearly against the weight of the evidence. *Restatement of Trusts 2d*, §§ 197–199 (remedies of beneficiary of trust for breach of trust equitable); see also, *Peyton v. McCaslin*, 417 P.2d 316 (Okl.1966) (subject of trusts and control of trust estates cognizable only by courts of equity); *Buck v. Cavett*, 353 P.2d 475, 477 (Okl.1960) (judgment of trial court not against clear weight of evidence insofar as judgment sustains discretionary powers of trustee); *Collmer v. Collmer*, 206 Okl. 661, 246 P.2d 350 (1952) (action for accounting equitable in nature).

 Under these authorities and the facts and circumstances of this case, we find no error in the Trial Court's orders removing Kirbie as trustee, or holding Kirbie personally liable for actual and punitive damages and restitution of trust estate monies, assets and unreasonable trustee fees paid, embezzled and/or converted to Kirbie's own use by judgment or surcharge therefor. The unambiguous terms of the Trust required the provision of maintenance for the primary beneficiaries, which Kirbie did not do, constituting a breach of the Trust. The evidence also unequivocally showed Kirbie's intentional misinformation to Austin regarding the existence of the trust and his status and/or rights as a beneficiary thereof, amounting to dishonesty in office and clearly cause for Kirbie's removal. See also, *Restatement of Trusts 2d*, § 173. This evidence, coupled with other evidence showing Kirbie's intentional di-

version of trust assets to her own use to the exclusion of the beneficiaries, Robinson and Austin, also supports a finding or inference of malice, fraud and/or intentional disregard for the rights of the beneficiaries sufficient to sustain the award of punitive damages. 23 O.S. § 9; *Slocum v. Phillips Petroleum Co.*, 678 P.2d 716, 719 (Okl. 1983). Kirbie's profession of good faith and/or reliance on advice of counsel does not constitute a defense to the action. *Restatement of Trusts 2d*, § 201, comm. (b). Although questioned, there is also evidence in the record to support a finding that the fees taken by Kirbie as trustee were unreasonably high. We consequently find the orders of the Trial Court relative to Kirbie's personal liability for actual/punitive damages and restitution of excessive fees by judgment and/or surcharge neither erroneous as a matter of law nor against the clear weight of the evidence.

As to the Trial Court's award of attorney fees, under the facts and circumstances of this particular case, we likewise find no error in the Trial Court's judgment. While Beneficiaries' action clearly benefitted them, the action also served to protect the entire trust *res* from improper depletion by Kirbie as trustee. Under such a circumstance, we believe an attorney's fee is properly allowed. *Crews v. Willis*, 159 P.2d at 258; *Buck v. Cavett*, 353 P.2d at 478; *Cavett v. Buck*, 397 P.2d at 906. The Trial Court's equitable powers further extend to imposition of attorney fees where the court finds the offending party to be guilty of fraud, malice or oppression. See,

e.g., *Garner v. City of Tulsa*, 651 P.2d 1325, 1330 (Okl.1982); *Lee Way Mtr. Frt., Inc. v. Roberts*, 719 P.2d 470 (Okl.App. 1985); *Sisk v. Sanditen Investments, Inc.*, 662 P.2d 317 (Okl.App.1983); *City Nat'l. Bank v. Owens*, 565 P.2d 4 (Okl.1977). Considering our previous holding sustaining the sufficiency of Beneficiaries' evidence to support the Trial Court's award of punitive damages, we likewise find the Trial Court's order free of legal error, and sufficient evidence appears in the record to support the Trial Court's award of attorney fees in this particular case. We further find the award of fees to be akin to an award of damages so as to justify the Trial Court's imposition of interest thereon. 22 Am.Jur.2d, *Damages*, § 613; 12 O.S. § 727; see also, *McAlester Urban Renewal Auth. v. Hamilton*, 521 P.2d 823 (Okl.1974).

No reversible error of law appears and the findings of fact by the Trial Court are supported by sufficient competent evidence. The orders of the Trial Court are therefore AFFIRMED. Rule 1.202(b); Rules of Appellate Procedure, 12 O.S.1983 Supp., Ch. 15, App. 2.

HANSEN, P.J., concurs.

ADAMS, J., concurs in part and dissents in part.