OKLAHOMA TURNPIKE AUTHORITY,
a body corporate and politic,
Appellant,

v.

Jerry D. WADE and Sherrye L. Wade; and
Dorothy Norton, County Treasurer,
Murray County, Oklahoma, Appellees.

No. 82517.

Court of Appeals of Oklahoma,
Division No. 2.

Aug. 16, 1994.

Richard W. Gable, Gable & Gotwals, Tulsa,
David L. Nimmo, Johnson & Nimmo, Ada,
for appellant.

Laura K. Gordon, Phil S. Hurst, Hurst &
McNeil, Sulphur, for appellees.

REIF, Chief Judge.

This appeal concerns a judgment that allowed landowners interest on their attorney fee award for the period of time following entry of the award to the conclusion of the Turnpike Authority's appeal of the verdict and attorney fee award. The trial court held that "the original attorney's fee awarded in this case ... was a part of the damages to the landowners and therefore the landowners are entitled to interest on the original attorney's fee." The Turnpike Authority cites *McAlester Urban Renewal Authority v. Hamilton,* 521 P.2d 823 (Okla.1974), in support of its proposition that *attorney fee awards in condemnation cases are not damages,* but instead are "costs" that do not bear post-judgment interest under 12 O.S.1991 § 727. In response, landowners cite *Hicks v. Lloyd's General Ins. Agency,* 763 P.2d 85 (Okla.1988), to support their contention that costs do not include attorney fees, and *Robinson v. Kirbie,* 793 P.2d 315 (Okla.Ct.App. 1990), that held attorney fees were akin to an award of damages so as to justify imposition of interest thereon.

Upon review, we find landowners' authority inapplicable to condemnation cases and hold the *McAlester Urban Renewal Authority* case is dispositive. Under the rule in *Hicks,* costs do not include attorney fees *except* when a statute expressly provides for them. The court in *McAlester Urban Renewal Authority* construed a condemnation attorney fee statute similar to 27 O.S.1991 § 11 and 66 O.S.1991 § 55 at issue and held that attorney fees were to be treated as costs of a condemnation proceeding for which interest could not be allowed. The *Robinson* case dealt with an attorney fee awarded pursuant to the inherent equitable power of the court for fraud and oppression and, as such, was properly considered "damages." In the instant case, the trial court did not invoke its inherent equitable power or make findings of fraud or oppression. Rather, it awarded at-

torney fees pursuant to express statutory authority that also authorized recovery of other expenses. *See* 27 O.S.1991 § 11 and 66 O.S.1991 § 55(D). The trial court properly recognized that the other expenses authorized in these statutes were "costs" that did not bear interest but erred in not treating attorney fees similarly in the face of pertinent, persuasive authority on this subject. *McAlester Urban Renewal Authority v. Hamilton,* 521 P.2d at 825, and Op.Atty.Gen. 84–176 (Feb. 4, 1985).

Accordingly, the trial court's judgment allowing interest on the attorney fee award is REVERSED.

BOUDREAU, P.J., and RAPP, J., concur.