**In re John Marshall WHEATLEY, Debtor.**

No. 99–04825–M.

United States Bankruptcy Court, N.D. Oklahoma.

July 26, 2000.

Melinda J. Martin, Tulsa, OK, for Debtor.

Stephen R. Clouser, Tulsa, OK, for Al Prueitt, Michael J. Calore.

James E. Frasier, Tulsa, OK, for Tracy L. Richardson.

## MEMORANDUM OPINION

TERRANCE L. MICHAEL, Chief Judge.

THIS MATTER comes before the Court pursuant to the Objections filed by John Marshall Wheatley, Debtor herein, to Claims # 3, # 4, # 5 and # 6 (hereafter collectively referred to as the "Claims"). An evidentiary hearing on the Objections was held on July 7, 2000. Melinda A. Martin appeared as attorney for the Debtor. Stephen R. Clouser appeared as attorney for Al Prueitt ("Mr.Prueitt") and Michael J. Calore ("Mr.Calore"), the holders of Claims # 3, # 4, # 5 and # 6. Also appearing was James E. Frasier on behalf of Tracy L. Richardson. The following findings of fact and conclusions of law are made pursuant to Bankruptcy Rule 7052 and Federal Rule of Civil Procedure 52.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1334(b),[1] and venue is proper pursuant to 28 U.S.C.A. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C.A. § 157(a), and it is a core proceeding as contemplated by 28 U.S.C.A. § 157(b)(2)(B).

### Findings of Fact

Debtor has been involved in litigation with Mr. Prueitt and Mr. Calore since the early 1990s. Each of the Claims arises out of judgments entered by the District Court in and for Tulsa County, Oklahoma (the "State Court") against the Debtor and/or secured by assets owned by the Debtor. The relevant facts with respect to each claim are summarized as follows:

*Claim # 3*

This claim arises out of a judgment entered in favor of Mr. Prueitt and Mr. Calore and against Patricia L. Wheatley[2] on October 10, 1996. The judgment, in the amount of $40,947.81, represents an award of attorney's fees to Mr. Prueitt and Mr. Calore. This judgment contains no provisions regarding the accrual of prejudgment or postjudgment interest.

*Claim # 4*

This claim arises out of a November 17, 1999, judgment in favor of Mr. Prueitt and against Debtor in the amount of $2,376.21. The judgment represents an award of attorney's fees to Mr. Prueitt. It contains no provisions regarding the accrual of prejudgment or postjudgment interest.

*Claim # 5*

This claim arises out of a judgment in favor of Mr. Prueitt and against Debtor on November 7, 1991. The judgment is in "the principal sum of $22,641.10, with prejudgment and postjudgment interest thereon as allowed by law, a reasonable attorney's fee of $2,500, and all costs." *See Claim No. 5.*

*Claim # 6*

This claim arises out of a judgment entered in favor of Mr. Calore and against Debtor on March 25, 1992. The judgment is in "the principal sum of $10,009.02, with prejudgment and postjudgment interest thereon as allowed by law, a reasonable attorney's fee of $1,500, and all costs." *See Claim No. 6.*

To the extent the "Conclusions of Law" contain any items which should more appropriately be considered "Findings of Fact," they are incorporated herein by this reference.

### Burden of Proof

Federal Rule of Bankruptcy Procedure 3001(f) states that "a proof of claim executed and filed shall constitute prima

---

1. Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C.A. § 101 *et seq.* (West 2000).

2. Patricia L. Wheatley is the spouse of the Debtor. The parties have stipulated that Claim # 3 is secured by a lien upon certain property of this bankruptcy estate; namely, the proceeds of sale of certain real estate which was sold by Order of this Court entered on April 3, 2000. *See Pre–Trial Order, Docket No. 121,* § II(3); *see also Order Approving Sale, Docket No. 73.*

facie evidence of the validity of the amount of the claim," thereby putting the initial burden on the objecting party. Fed. R. Bankr.P. 3001(f). As one court has noted,

> The objecting party carries the burden of going forward with evidence supporting his objection to the validity of the amount of the claim. *Matter of Townview Nursing Home,* 28 B.R. 431 (Bankr.S.D.N.Y.1983); *In re Breezewood Acres, Inc.,* 28 B.R. 32 (Bankr. M.D.Pa.1982). Such evidence must be of a probative force equal to that of the allegations of the creditor's proof of claim. 3 *Collier on Bankruptcy,* P 502.01[3] p. 502–17 (Rel.10–9/83). If the objecting party succeeds in overcoming the prima facie effect of the proof of claim, the ultimate burden of persuasion then rests on the claimant. *Matter of Texlon,* 28 B.R. 525 (Bankr.S.D.N.Y. 1983).

*In re Wells,* 51 B.R. 563, 566 (D.Colo.1985), *cited with approval in Abboud v. Abboud (In re Abboud),* 232 B.R. 793, 796 (Bankr. N.D.Okla.1999), *aff'd* 237 B.R. 777 (10th Cir. BAP 1999); *see also In re Ford,* 194 B.R. 583, 587–588 (S.D.Ohio 1995).

### Conclusions of Law

Each of the Claims is in the form of a judgment. Neither the principal amount of any Claim nor the statutory interest rate are at issue; instead, the parties dis-agree as to the manner in which post-judgment interest accrues on the Claims. The issue of postjudgment interest accrual with respect to each of the Claims is governed by Oklahoma law, namely Okla. Stat. Ann. tit. 12, § 727 (West 2000) (the "Interest Statute"). In order to resolve this dispute, the Court must consider the Interest Statute in its 1991 form, together with all subsequent amendments. As it does so, the Court is bound to follow the decisions of the Supreme Court of Oklahoma interpreting the Interest Statute. *See Hays v. Jackson National Life Ins. Co.,* 105 F.3d 583, 587 (10th Cir.1997) (federal court sitting in diversity action bound to follow state law "as announced by that state's highest court").

In 1991, the Interest Statute provided for interest on judgments from and after the date of their rendition "at an annual rate equal to the average United States Treasury Bill rate of the preceding calendar year as certified by the Administrative Director of the Courts by the State Treasurer on the first regular business day in January of each year, plus four percentage points." Okla. Stat. Ann. tit. 12, § 727 (West 1991).[3] In 1997, the Interest Statute was amended to provide that the postjudgment interest rate would vary from year to year, and also to provide for the compounding of interest on judgments (the "1997 Amendment").[4] The 1997 Amend-

---

**3.** The parties have stipulated that postjudgment interest was fixed at the following rates under the terms of the Interest Statute:

| Year | Rate |
|------|--------|
| 1991 | 0.1171 |
| 1992 | 0.0958 |
| 1993 | 0.0742 |
| 1994 | 0.0699 |
| 1995 | 0.0831 |
| 1996 | 0.0955 |
| 1997 | 0.0915 |
| 1998 | 0.0922 |
| 1999 | 0.0887 |
| 2000 | 0.0887 |

**4.** The pertinent provisions of the Interest Statute read as follows:

C. The postjudgment interest authorized by subsection A or subsection B of this section shall accrue from the earlier of the date the judgment is rendered as expressly stated in the judgment, or the date the judgment is filed with the court clerk, and shall initially accrue at the rate in effect for the calendar year during which the judgment is rendered until the end of the calendar year in which the judgment was rendered, or until the judgment is paid, whichever first occurs. Beginning on the first day of January of the next succeeding calendar year until the end of that calendar year, or until the judgment is paid, whichever first occurs, the judgment, together with postjudgment interest previously accrued, shall bear interest at the rate in effect for judgments rendered during that calendar year *as certified by the Administrative Director of the Courts pursuant to subsection I of this section. For each succeeding calendar year, or part of a calendar year, during which a judgment remains un-*

ment also provided that "[e]ffective January 1, 1998, the method for computing postjudgment interest prescribed by this section shall be applicable to all judgments remaining unpaid rendered prior to January 1, 1998." *See* Okla. Stat. Ann. tit. 12, § 727(J) (West 1997). The 1997 Amendment contained similar provisions with respect to prejudgment interest. *See* Okla. Stat. Ann. tit. 12, § 727(E) and (K) (West 1997).

In 1999, the Interest Statute was further amended to provide for the accrual of interest upon awards of attorneys' fees and costs. *See* Okla. Stat. Ann. tit. 12, § 727(A) (West 2000) (the "1999 Amendment").[5] This amendment took effect January 1, 2000. *See* Okla. Stat. Ann. tit. 12, § 727(J) (West 2000). Prior to the 1999 Amendment, the Oklahoma Supreme Court had ruled that awards of attorneys' fees were in the nature of costs, and did not accrue interest under the terms of the Interest Statute. *See McAlester Urban Renewal Authority v. Hamilton*, 521 P.2d 823 (Okla.1974) (hereafter *"McAlester"*).

The comments with respect to the 1999 Amendment indicate the intent of the Oklahoma Legislature to overrule *McAlester*.[6]

The question before the Court is the proper application of the Interest Statute, as amended in 1997 and 1999, to the Claims. Debtor argues that the amendments are to be given effect from and after the effective date set forth in the statute. Mr. Prueitt and Mr. Calore contend that the 1997 and 1999 Amendments apply to the judgments they hold from the dates those judgments were entered. Messrs. Prueitt and Calore argue that the statute demonstrates a legislative intent to retroactively apply the statute, and that, where such legislative intent is demonstrated, a court is required to apply a statute retroactively. *See Sunray DX Oil Company v. Great Lakes Carbon Corp.*, 476 P.2d 329, 346 (Okla.1970). In making this argument, Messrs. Prueitt and Calore rely on that portion of the 1997 Amendment which provides that "[e]ffective January 1, 1998, the method for computing postjudgment inter-

---

paid, the judgment, together with post-judgment interest previously accrued, shall bear interest at the rate in effect for judgments rendered during that calendar year as certified by the Administrative Director of the Courts pursuant to subsection I of this section. A separate computation using the interest rate in effect for judgments as provided by subsection I of this section shall be made for each calendar year, or part of a calendar year, during which the judgment remains unpaid in order to determine the total amount of interest for which the judgment debtor is liable. The postjudgment interest rate for each calendar year or part of a calendar year a judgment remains unpaid shall be multiplied by the original amount of the judgment, including any prejudgment interest, together with postjudgment interest previously accrued. Interest shall accrue on a judgment in the manner prescribed by this subsection until the judgment is satisfied or released.
Okla. Stat. Ann. tit. 12, § 727(C) (West 1997) (emphasis added).

**5.** The exact language of the 1999 Amendment reads as follows:
A. 1. Except as otherwise provided by this section, all judgments of courts of rec-

ord, including costs and attorney fees authorized by statute or otherwise and allowed by the court, shall bear interest at a rate prescribed pursuant to this section. 2. Costs and attorney fees allowed by the court shall bear interest from the earlier of the date the judgment or order is pronounced, if expressly stated in the written judgment or order awarding the costs and attorney fees, or the date the judgment or order is filed with the court clerk.
*See id.*

**6.** The legislative comments with respect to the 1999 Amendment provide that

The proposed changes to the statute governing pre-and post-judgment interest are intended to accomplish two purposes. The first is to allow post-judgment interest on costs and attorney fees, whether they are included in the judgment or in a separate order. This would statutorily overrule *McAlester Urban Renewal Auth. v. Hamilton*, 521 P.2d 823 (Okla.1974), where the Oklahoma Supreme Court held that interest did not accrue on costs and attorney fees, because they were not part of the judgment.
*See* Legislative Comments, Okla. Stat. Ann. tit. 12, § 727 (West 2000).

est prescribed by this section shall be applicable to all judgments remaining unpaid rendered prior to January 1, 1998." *See* Okla. Stat. Ann. tit. 12, § 727(J) (West 1997); *see also* Okla. Stat. Ann. tit. 12, § 727(J) (West 2000) (similar provision establishing effective date of January 1, 2000, with respect to 1999 Amendment).

The Oklahoma Supreme Court has provided this Court with some measure of guidance in two separate decisions. In *Traczyk v. Traczyk*, 891 P.2d 1277 (Okla. 1995) (hereafter *"Traczyk"*), the court considered the issue of interest accrual on monies awarded under a decree of divorce. The husband argued that, under the Interest Statute, the interest rate under the judgment should vary from year to year. The wife argued that interest under the judgment should remain at the rate in effect on the date the judgment was entered. As it ruled in favor of the wife, the Oklahoma Supreme Court undertook the following analysis:

> Husband next asserts the trial court erroneously established a fixed interest rate on the support alimony award. The trial court awarded to Wife $86,275.00 in alimony in lieu of property division with a portion to be paid in a lump sum. The remainder, $70,000.00, was to be paid in monthly installments of $3,200.00. To this amount the court added interest at the rate of 11.71% for a total of $24,-301.00. Husband asserts that the trial court erred in imposing the 11.71% interest rate citing 12 O.S.1991, § 727(B) for support. Section 727(B) provides:
>
> > "For purposes of this section, interest [on all judgments of courts of record] shall be at an annual rate equal to the average United States Treasury Bill rate of the preceding calendar year as certified to [sic] the Administrative Director of the Courts by the State Treasurer on the first regular business day in January of each year, plus four percentage points."
>
> Wife responds by noting that the U.S. Treasury Bill rate for 1990 was 7.71%

making interest under the statute 11.71% (7.71% plus 4%). Husband does not dispute this assertion. Rather he argues the rate should not be fixed but should vary each year in relation to the change in the Treasury Bill rate. Other than § 727(B), Husband cites to no authority for his position that the rate of interest should vary each year. Reading § 727 in its entirety reveals that the rate of interest applied to judgments pursuant to § 727(B) is to continue for the life of the judgment. In discussing the effect of an after enacted statute changing the rate of interest on judgments, we said in *Timmons v. Royal Globe Ins. Co.*, 713 P.2d 589 (Okl.1985):

> " ... No term of a judgment may be affected by after-enacted legislation. *To hold otherwise would undermine the constitutionally-shielded concept of an 'accrued' or 'vested' right in the adjudicated obligation ....*" (Emphasis added)

We adopt this rationale to this proposition and hold it [the position advanced by the husband] to be without merit. *Id.* at 1282; *see also Lee v. Volkswagen of America, Inc.*, 743 P.2d 1067, 1069 (Okla. 1987) (holding that "[t]he postjudgment interest rate in effect at the time of the judgment rendition does not vary with any subsequent changes in the statutory rate level").

Most recently, in *Cox v. Kansas City Life Ins. Co.*, 983 P.2d 1025 (Okla.1999) (hereafter *"Cox"*), the plaintiff was awarded a judgment which provided that "postjudgment interest shall accrue 'from April 8, 1994, at the annual statutory rate which begins at 6.99 percent per annum for 1994 ....'" *Id.* at 1026–1027. After the judgment was entered, the Oklahoma Legislature enacted the 1997 Amendment, which provided for both the fluctuation of the interest rate and the compounding of interest. On the basis of the 1997 Amendment, the trial court in *Cox* held that interest on the judgment would remain fixed at 6.99 percent until January 1, 1998,

after which time interest would vary from year to year in accordance with the 1997 Amendment, and would also compound. As it affirmed the ruling of the trial court, the Oklahoma Supreme Court noted that

> Kansas City Life argues that the rate of interest in effect when the judgment against it was entered, 6.99 percent, may not be altered. For this proposition Kansas City Life relies on the following language in *Timmons v. Royal Globe Insurance Co.,* 1985 OK 76 ¶ 13, 713 P.2d 589:
>
> > ... No term of a judgment may be affected by after-enacted legislation. To hold otherwise would undermine the constitutionally-shielded concept of an "accrued" or "vested" right in the adjudicated obligation. After-passed enactments can neither destroy nor alter that right.... [Footnote omitted.]

¶ 16 *Timmons v. Royal Globe Insurance Co.* does not support Kansas City Life's claim that the trial court erred. The trial court's judgment entered on May 12, 1994 provided that post-judgment interest should accrue "from April 8, 1994, at the annual statutory rate which begins at 6.99 percent per annum for 1994...." [Emphasis added.] It is thus clear that the trial court intended that interest not be necessarily limited to 6.99 percent but was to be governed by the terms of 12 O.S. § 727. In *Timmons,* however, the trial court's judgment expressly limited post judgment interest to the rate in effect when judgment was entered.

¶ 17 There is another reason why *Timmons* does not apply to this appeal. Here the trial court applied the new interest rate only prospectively after the passage of the 1997 amendments to 12 O.S. § 727. *Those amendments showed that the legislature intended, for the first time, to make changes in the interest rate and compounding apply prospectively.* In *Traczyk v. Traczyk,* 1995 OK 22 ¶ 24, 891 P.2d 1277, we held that

12 O.S. § 727 should be interpreted so that "the rate of interest applied to judgments pursuant to § 727(B) is to continue for the life of the judgment." Now, however, 12 O.S. Supp.1997 § 727 provides, "... Effective January 1, 1998, the method for computing postjudgment interest prescribed by this section shall be applicable to all judgments remaining unpaid rendered prior to January 1, 1998." *The trial court's judgment correctly followed the current statutory mandate by leaving the 6.99% interest rate in effect through December 31, 1997 and applying the new method of computation called for by the 1997 amendments only to interest accruing from and after January 1, 1998.*

*Id.* at 1028–1029 (emphasis added); *see also Fleming v. Baptist General Convention of Okla,* 742 P.2d 1087, 1102 (Kauger, J. concurring) ("Should the legislature determine that it is prudent to raise or lower the interest rate from time to time, ... the new rate should apply *from the effective date of the change* to all outstanding judgments.") (footnote omitted) (emphasis added).

■ Under the principles set forth in *Traczyk* and *Cox,* the 1997 and 1999 Amendments do not apply prior to their effective date. The Court concludes that, under Oklahoma law: (1) prior to January 1, 1998, the interest rate for postjudgment interest did not vary; instead, postjudgment interest accrued at the fixed rate in effect at the time the judgment was entered; (2) interest upon judgments did not compound prior to January 1, 1998; and (3) an award of attorney's fees and/or costs did not accrue interest prior to January 1, 2000. Applying these standards to each of the Claims, the Court rules as follows:

*Claims # 3 and # 4*

Each of these Claims is an award of attorney's fees. As such, prior to January 1, 2000, interest does not accrue on either Claim. After January 1, 2000, interest

accrues upon both Claims at the rate of 8.87 percent per annum. In the event these Claims are not paid during calendar year 2000, interest shall compound under the terms of the 1999 Amendment. To the extent the Claims are oversecured, interest shall continue to accrue in accordance with § 506(b) of the Bankruptcy Code.

*Claim # 5*

The judgment represented by Claim # 5 is comprised of the following components: principal, prejudgment interest, postjudgment interest, attorney's fees and costs. The claim includes a calculation of prejudgment interest of $1,038.18 which has not been disputed.[7] Under the rationale set forth above, the Court finds that:

(1) With respect to the principal amount of the judgment ($22,641.10):

(a) interest will accrue at the judgment rate in effect as of the date of judgment (November 7, 1991) of 11.71%;

(b) said rate shall remain fixed until January 1, 1998, when the rate shall begin to vary in accordance with the 1997 Amendment; and

(c) commencing January 1, 1999, interest shall compound on an annual basis, also in accordance with the 1997 Amendment.

(2) With respect to the award of prejudgment interest ($1,038.18):

(a) no interest shall accrue on the same until January 1, 1998;

(b) commencing January 1, 1998, interest shall accrue in accordance with the 1997 Amendment; and

(c) commencing January 1, 1999, interest shall compound on an annual basis, also in accordance with the 1997 Amendment.

(3) With respect to the award of attorneys' fees ($2,500.00) and costs ($338.12):

(a) no interest shall accrue on the same until January 1, 2000;

(b) commencing January 1, 2000, interest shall accrue at the current rate of 8.87% in accordance with the 1999 Amendment; and

(c) commencing January 1, 2001, if the claim remains unpaid, interest shall compound on an annual basis, also in accordance with the 1999 Amendment.

To the extent the claim is oversecured, interest shall continue to accrue on the claim in accordance with § 506(b) of the Bankruptcy Code.

*Claim # 6*

The judgment represented by Claim # 6 is also comprised of principal, prejudgment interest, postjudgment interest, attorney's fees and costs. The claim includes a calculation of prejudgment interest of $318.23 which has not been disputed.[8] Under the rationale set forth above, the Court finds that:

(1) With respect to the principal amount of the judgment ($10,009.82)

(a) interest will accrue at the judgment rate in effect as of the date of judgment (March 25, 1992) of 9.58%;

(b) said rate shall remain fixed until January 1, 1998, when the rate shall begin to vary in accordance with the 1997 Amendment; and

(c) commencing January 1, 1999, interest shall compound on an annual basis, also in accordance with the 1997 Amendment.

(2) With respect to the award of prejudgment interest ($318.23):

(a) no interest shall accrue on the same until January 1, 1998;

(b) commencing January 1, 1998, interest shall accrue in accordance with the 1997 Amendment; and

---

7. See *Pre–Trial Order, Docket No. 123,* § IV(1) (listing as issue to be determined the "calculation of *post judgment* interest" (emphasis added)).

8. See *Pre–Trial Order, Docket No. 124,* § IV(1) (listing as issue to be determined the "calculation of *post judgment* interest" (emphasis added)).

(c) commencing January 1, 1999, interest shall compound on an annual basis, also in accordance with the 1997 Amendment.

(3) With respect to the award of attorneys' fees ($1,500.00) and costs ($209.04):

(a) no interest shall accrue on the same until January 1, 2000;

(b) commencing January 1, 2000, interest shall accrue at the current rate of 8.87% in accordance with the 1999 Amendment; and

(c) commencing January 1, 2001, if the claim remains unpaid, interest shall compound on an annual basis, also in accordance with the 1999 Amendment.

To the extent the claim is oversecured, interest shall continue to accrue on the claim in accordance with § 506(b) of the Bankruptcy Code.

### Conclusion

The Objections to Claims # 3, # 4, # 5 and # 6 are granted in part and denied in part. Claims # 3, # 4, # 5 and # 6 are allowed as modified by the terms of this Memorandum Opinion. At the evidentiary hearing held in this matter, counsel for the Debtor and Mr. Prueitt and Mr. Calore represented to the Court that, upon receipt of this Court's decision, they would be in a position to present the Court with a judgment calculating the amount of each of the Claims. The parties are directed to submit a joint form of such judgment within ten (10) days. In the event such a judgment is not timely submitted, the Court will prepare and enter its own judgment.