Dear Representative Barbara,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. May the trustees of a municipal-beneficiary public trust created prior to 1988 receive compensation for their services, in light of the provisions of 60 O.S. 2001, § 178(F), where payments were made to trustees after 1988, but later discontinued?
 2. If the answer to the previous question is no, is there a responsibility on the part of the individuals receiving payments to repay the money?
¶ 1 Your questions involve interpretation of 60 O.S. 2001, §178[60-178] Pertaining to compensation paid to trustees of a public trust, and the effect, if any, of the exceptions set out in subsection (F) of this statute. Factually, we understand a public trust was formed in the 1960's with a city as beneficiary, having as its trustees the persons comprising the city's governing body. Bylaws adopted shortly after creation of the trust allowed trustees to be compensated a monthly amount for performance of trust duties. Under these bylaws, beginning some years later, after 1988, compensation was paid to trustees for a period of time, but was later discontinued when the provisions of 60 O.S.2001, § 178[60-178] were called to the trust's attention.
¶ 2 Generally, 60 O.S. 2001 Supp. 2002,[1] §§ 176-180.4 govern the creation and operation of public trusts. Section 178(A) provides, in pertinent part, as follows:
 The instrument or will creating such trust may provide for the appointment, succession, powers, duties, term, manner of removal and compensation of the trustee or trustees subject to the provisions of subsections C and E of this section, and in all such respects the terms of said instrument or will shall be controlling. Trustees, who are public officers, shall serve without compensation, but may be reimbursed for actual expenses incurred in the performance of their duties as trustees.
Id. (emphasis added).
¶ 3 Subsection (F) of Section 178, about which you inquire, provides:
 The provisions of this section shall be inapplicable to any public trust created and existing prior to July 1, 1988, if the instrument or will creating such public trust shall have been held to be a valid and binding agreement in an opinion of the Supreme Court of the State of Oklahoma; and nothing in this section shall impair or be deemed to impair the trust indenture or existing or future obligations of such public trust.
Id.
¶ 4 The language in subsection (A) providing that trustees of a public trust shall serve without compensation was amended in 1970. 1970 Okla. Sess. Laws ch. 319, § 3(a). Subsection (F) of Section 178 was added in 1988. 1988 Okla. Sess. Laws ch. 319, § 6(F).
¶ 5 By the express terms of the statute, the Legislature limited the exception of Section 178(F) to "any public trust created and existing prior to July 1, 1988, if the instrument orwill creating such public trust shall have been held to be avalid and binding agreement in an opinion of the Supreme Court ofthe State of Oklahoma[.]" Id. (emphasis added). There is no ambiguity. The only time this provision, which among other things exempts trustees of public trusts from the ban on trustee compensation, would apply is when (a) the public trust was created and existing prior to July 1, 1988, and (b) the Supreme Court has held the trust instrument creating the trust to be valid and binding. The law requires a holding by the Supreme Court to this effect, not mere dictum, thus further limiting the application of the rule.[2]
¶ 6 While the term "held" or "holding" is not specifically defined by Oklahoma statutes, courts have interpreted the word "holding" in the context of court proceedings as the conclusion reached, i.e., the court's judgment, after applying appropriate laws to the facts presented. See Rohrbaugh v. Celotex Corp.,53 F.3d 1181, 1184 (10th Cir. 1995); Edward L. Eyre Co. v.Hirsch, 218 P.2d 888, 893 (Wash. 1950). This is contrasted with "dictum," i.e., "[s]tatements in a decision neither necessary to support the conclusion reached nor applicable to the [factual] situation," and which does not become controlling law.Am. Trailers, Inc. v. Walker, 526 P.2d 1150, 1154 (Okla. 1974); see Rohrbaugh, 53 F.3d at 1184.
¶ 7 In your question no indication is given that the subject trust has been held to be valid by an opinion of the Oklahoma Supreme Court, and we are aware of no reported decision doing so. We therefore opine, absent such a court opinion, that the exception in 60 O.S. 2001, § 178[60-178](F) does not apply to the municipal-beneficiary public trust you describe, and that the trustees of such a trust are required by Section 178(A) to serve without compensation, although they may be reimbursed for actual expenses incurred in the performance of their duties as trustees.
¶ 8 Since we conclude the trustees described in your inquiry may not be compensated, we must next address whether prior payments to trustees must be repaid. "One of the fundamental common-law duties of a trustee is to preserve and maintain trust assets," i.e., not allowing the trust estate to be wasted or used improperly. 76 Am. Jur. 2d Trusts § 443 (2003); see Wyman v.Herard, 59 P. 1009, 1010, (syllabus ¶ 8) (Okla. 1899). A trustee must use the "same care for the safety of the trust fund" for the interests of the beneficiaries "that he uses for his own property and interests," and is responsible for any loss that occurs to the trust fund. Id. Indeed, a trustee may be liable for actions or omissions committed outside the scope of its role as trustee, such as actions in violation of trust statutes or contrary to specific limitations of the trust instrument. Bankof Okla., N.A. v. Briscoe, 911 P.2d 311, 316 (Okla.Ct.App. 1995). A trustee has not only the right, but also the duty to do whatever is reasonably necessary in the administration of the trust and preservation of the estate, including, if necessary, employment of legal counsel to enforce the trust. 60 O.S. 2001,§ 175.24[60-175.24](A)(5), (9); First Nat'l Bank v. Stricklin,347 P.2d 652, 655 (Okla. 1959).
¶ 9 Title 60 O.S. 2001, § 178[60-178](A) prohibits payment of compensation to trustees of a public trust, except for reimbursement of actual expenses incurred in doing trust business. A public trust is but a special kind of charitable trust, and must generally operate under rules applicable to charitable trusts. Harrison v. Barton, 358 P.2d 211, 221
(Okla. 1960); Bd. of County Comm'rs v. Warram, 285 P.2d 1034,1042 (Okla. 1955). Trustees generally are under an obligation to protect the trust estate, and where a trustee improperly self-deals, or converts trust property to his or her own use, the trustee is personally liable therefor. Robinson v. Kirbie,793 P.2d 315, 318 (Okla.Ct.App. 1990). If necessary, a court may intervene to order the misuse of funds to be rectified. Id.
¶ 10 We thus conclude payment of money to and receipt by trustees of a public trust contrary to the provisions of 60 O.S.2001, § 178[60-178](A) is improper and an unlawful use of the trust estate. Under Robinson, the trustee is personally liable to repay the money. Robinson, 793 P.2d at 318. This obligation would not appear to be extinguished by passage of time.[3]
¶ 11 Given the present trustees have been put on notice that prior trustees may have been improperly paid, the current trustees are "inescapably burdened with the positive responsibility of exercising prudence in administering the trust." Harrison, 358 P.2d at 221. Accordingly, the present trustees have a fiduciary duty to take appropriate action in response to this situation. Id. What action might be appropriate depends on facts and circumstances which cannot be addressed in an Attorney General's Opinion. 74 O.S. 2001, §18[74-18](b)(A)(5).
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The trustees of a municipal-beneficiary public trust shall not be compensated, except for reimbursement of actual expenses incurred in connection with the performance of their official duties. 60 O.S. 2001, § 178(A).
 2. The exception in 60 O.S. 2001, § 178(F) on trustee compensation is limited to situations where: (a) a public trust was created and existing prior to July 1, 1988, and (b) the instrument creating such public trust has been held to be a valid and binding agreement in an opinion of the Oklahoma Supreme Court. Absent such an opinion, no public trust is otherwise exempt from the provisions of 60 O.S. 2001, § 178[60-178] with respect to compensation of trustees.
 3. Payment of compensation to a trustee of a public trust in violation of 60 O.S. 2001, § 178[60-178] (A) results in unauthorized use of trust funds for which the trustee is personally liable. Robinson v. Kirbie, 793 P.2d 315, 318 (Okla.Ct.App. 1990).
 4. Trustees of a public trust who have been put on notice of possible improper payment of trust funds have a fiduciary duty to take appropriate action in response to the situation. Harrison v. Barton, 358 P.2d 211, 221 (Okla. 1960). What action might be appropriate depends on facts and circumstances which cannot be addressed in an Attorney General's Opinion. 74 O.S. 2001, § 18(b)(A)(5).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 LYNN C. ROGERS Assistant Attorney General
[1] Several amendments were made to the Act in the 2003 First Regular Session of the Forty-Ninth Legislature; however, they are not germane here.
[2] See Indep. Sch. Dist. No. 52 v. Okla. Indus. Auth.,646 P.2d 1276, 1278 (Okla. 1982); Gen. Motors Corp. v. Okla. CountyBd. of Equalization, 678 P.2d 233, 234 (Okla. 1983). In each of these cases, the Supreme Court found that the Oklahoma Industries Authority ("OIA") is a public trust created pursuant to Sections 176-180.4 of Title 60. While the issue of whether the trust instrument creating OIA was a lawful and binding agreement was not specifically discussed, it was essential that the court find that OIA was a public trust under the applicable statutes before these laws could be applied to the factual situation. In 1982, as today, the public trust statutes required the instrument creating the public trust to be in writing and approved by the beneficiary. 60 O.S. Supp. 2002, § 176[60-176](A); 60 O.S. 2001, §§ 176.1[60-176.1](E), 177, 178(D). Therefore, the ruling that the OIA was properly created necessarily includes a finding that the written instrument creating the trust was lawful and proper. Whether there are other pre-1988 Oklahoma public trusts whose existence was specifically validated by the Supreme Court is beyond the scope of this Opinion. The point is, public trusts such as the OIA were apparently the entities to which 60 O.S. 2001, §178[60-178](F) was intended to apply.
[3] Title 12 O.S. Supp. 2002, § 95 bars actions in civil cases if not brought within a specified time, e.g., 5 years for suits on written contracts, 3 years for implied contracts not in writing, and so on. However, in State ex rel. Board of CountyCommissioners v. Shelton, 727 P.2d 103, 105-07 (Okla.Ct.App. 1986), the Court of Civil Appeals held a county is immune from operation of the statute of limitations when seeking to recover illegal payments under contracts made void by a kickback scheme with county commissioners. In Shelton, the court analyzed at length the distinction between governmental entities acting in a proprietary versus a governmental capacity used in Board ofCounty Commissioners v. Willett, 152 P. 365, 366 (Okla. 1915), and in an opinion highly critical of the Willett decision observed that the Oklahoma Supreme Court has become increasingly skeptical of the distinction between a county enforcing a "private right" as opposed to a "public right," citing Board ofCounty Commissioners v. Good Township, 107 P.2d 805, 806
(Okla. 1940). Shelton, 727 P.2d at 106-07. More recently, the Supreme Court in State ex rel. Cartwright v. Tidmore,674 P.2d 14, 16 (Okla. 1983), cited approvingly by the Court of Civil Appeals, the court held that the State was not barred from seeking recovery of money paid out of the State treasury pursuant to oral contracts made without competitive bidding as required by law, holding that the State was suing to "vindicate legal rights which are public in nature." Id. at 15. This principle was reiterated in Oklahoma City Municipal Improvement Authority v.HTB, Inc., 769 P.2d 131, 134 (Okla. 1988). Applying this test to the situation presented, we conclude the right to be vindicated is a public right, affecting all citizens and all public trusts, since the Legislature chose to enact a general statute prohibiting compensation of trustees of public trusts. Thus, an action to recover unauthorized compensation would not be time-barred.