**Marshall Woodrow PIPKIN, Plaintiff in Error,**

**v.**

**James William PIPKIN and Frances Lem Pipkin Higgins, Defendants in Error.**

**No. 40442.**

Supreme Court of Oklahoma.

March 24, 1964.

Rehearing Denied June 23, 1964.

Clem H. Stephenson, Seminole, Enos T. Jones, Amarillo, Tex., By Enos T. Jones, Amarillo, Tex., for plaintiff in error.

Marion Robert Wells, Seminole, for defendants in error.

HALLEY, Vice Chief Justice.

By the provisions of the will of B. V. Pipkin, who died testate on October 8, 1957, there was created a testamentary trust in favor of Marshall Woodrow Pipkin and Wade Lemal Pipkin as trustees. The trust principal consisted of an undivided four-sixths of testatrix' estate which was primarily real estate. The beneficiaries of the trust are James William Pipkin, Frances Lem Pipkin Higgins, Gerva Vera Pipkin Anderson, and Ruth Elizabeth Pipkin Roberts. The six persons named as trustees and beneficiaries were the children of testatrix and will be referred to by their first names hereafter. Because Wade predeceased his mother, B. V. Pipkin, and under the terms of the will creating the trust, Marshall became the sole and only trustee.

This action was brought in the Superior Court of Seminole County by James and Frances against Marshall for an accounting, for his removal as trustee, and for the appointment of a successor trustee. Gerva and Ruth were made party defendants. Plaintiffs alleged that Marshall had mismanaged the trust principal, that he was not competent or suitable to continue as trustee, and that he acted toward the beneficiaries in an indifferent and hostile manner which jeopardized the trust principal and its value.

After trial to the court, an order was entered removing Marshall as trustee and appointing a temporary receiver. Marshall's motion for new trial was overruled and he appeals.

Marshall made several assignments of error and argues them under two general headings: that the trial court did not have jurisdiction, and that judgment of the trial

court was against the clear weight of the evidence.

For reversal because of claimed lack of jurisdiction by the trial court, Marshall relies on either of two theories. He first states that summons was not properly served upon him. Secondly he states that the Superior Court of Seminole County could not have jurisdiction over this subject matter because the District Court of Seminole County had previously obtained jurisdiction. We will discuss these two contentions in order.

The sheriff's return of summons in this matter was as follows:

"Received this Summons * * * and served the same upon the following persons, defendants, * * * Marshall Woodrow Pipkin cannot be found in this County. A copy of summons served to his wife, Mildred Pipkin at her parents' home, 516 A Street, Seminole, Oklahoma, where she is temporarily residing. This 4–24–1962. Mildred Pipkin being a member of household over 16 years of age."

Marshall filed a motion to quash summons on the ground that it was not issued, served or returned properly. He made no affidavit and presented no evidence upon such motion to indicate that his residence was not the same as his wife's or that he and his wife were separated. In Jones v. Reser, 61 Okl. 46, 160 P. 58, we said that where there is no separation in the case of a married man his residence is prima facie where his wife and family reside. The substituted service authorized by 12 O.S.1961 § 159, which is leaving a copy of the summons at his usual place of residence with some member of his family over 15 years of age, was properly made in this case and the trial court did not err in overruling Marshall's motion to quash summons.

In his testimony on the merits of the action tried in June, 1962, Marshall testified that in January or February, 1962, he had moved to Keyes, Oklahoma, in Cimarron County. He also testified that he had been there since that time although his wife and children had been back and forth, and his children finished school in Seminole. This uncorroborated testimony of Marshall, which may be some evidence that his usual place of residence in April, 1962, was in Cimarron County, is not the strong and convincing proof which is required to overcome the officer's return which shows service of summons regular on its face. Wilson v. Upton, Okl., 373 P.2d 229.

Marshall's second claimed ground of lack of jurisdiction is based on a previous action, between these same parties in the District Court of Seminole County, which James and Frances brought to interpret their mother's will and to hold the trust provisions invalid and without force and effect. Judgment was entered for the defendants, and upon appeal it was affirmed in Pipkin v. Pipkin, Okl., 370 P.2d 826. Marshall calls attention to 60 O.S.1961 § 175.23, subsections A and B which provide in part, as follows:

"A. The district court shall have original jurisdiction to construe the provisions of any trust instrument; * * * to require accounting by trustees; * * * and in its discretion to supervise the administration of trusts; * * *

"B. The venue of such actions shall be in the county where the trustees or any cotrustee resides. Upon obtaining jurisdiction the same shall not be divested by the removal of the trustee from the county where such action is commenced."

Thus, an action against a testamentary trustee to require him to account, for his removal, and for the appointment of a successor trustee, is transitory in nature and a court of general jurisdiction of the county where the trustee resides has jurisdiction of the action. Cf. Moody v. Branson, 192 Okl. 327, 136 P.2d 925. Therefore the Superior Court of Seminole County properly has jurisdiction over the proceedings in the instant action. In the earlier action between these parties in the district court, the district court assumed jurisdic-

tion of only a portion of the subject matter, and entered a judgment thereon which became final. In the present action the Superior Court of Seminole County has assumed jurisdiction over another portion of the subject matter and it properly retained the jurisdiction it assumed. Woolley v. Shaw, 192 Okl. 107, 136 P.2d 398.

Marshall's argument that the order or judgment entered herein was contrary to the evidence is based on his interpretation of one of the provisions of the trust instrument as to the trust properties. It provided that the trustee had the power to "convey and dispose of the same upon such terms and in such manner, and for such prices as said trustees shall deem meet and proper * * *." The trial court found among other things that the trustee had "disposed of certain properties belonging to said Trust Estate for an inadequate consideration in proportion to the value thereof." This was based on evidence that the trustee had sued one debtor of the estate for $3,000 and settled the matter for $125, and that he had sold a two-thirds interest in some real estate valued at $20,000 for $6,500. The trustee does not have unbridled authority to deal with the trust property. We said in Finley v. Exchange Trust Co., 183 Okl. 167, 80 P.2d 296, 117 A.L.R. 162, that the standard of care and skill required of a trustee is the external standard of a man of ordinary prudence in dealing with his own property. There was also undisputed evidence in the instant case as stated by Marshall in his brief that "there was much hostility between the trustee and two of the beneficiaries." This was such as to justify the beneficiaries in asking for Marshall's removal as trustee. Mertz v. Owen, 191 Okl. 77, 126 P.2d 720, 725. When all of this evidence is considered, we are of the opinion that the order removing Marshall as trustee was sustained by the evidence.

Affirmed.

BLACKBIRD, C. J., and WELCH, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.