Kenneth M. SLOAN and Mary A. Sloan, husband and wife, Appellants,

v.

Ben OWEN, d/b/a Ben Owen Building Company, Appellee.

No. 49759.

Supreme Court of Oklahoma.

Dec. 6, 1977.

Rehearing Denied June 19, 1978.

Morgan & Morgan, Inc., Oklahoma City, for appellants.

Yon, Yon & Brooks, Oklahoma City, for appellees.

WILLIAMS, Justice.

In the trial court, plaintiff homeowners sued the defendant contractor for damages resulting from certain construction work done by contractor on their home. For convenience we will refer to the parties hereinafter as homeowners and contractor.

In the petition, homeowners affirmatively waived any action on contract and elected to sue in tort, alleging that their damages resulted from the contractor's gross negligence. The contractor filed a general denial and a cross-petition seeking the foreclosure of his mechanic's and materialman's lien on the property, in the amount that allegedly remained unpaid on the contract.

After a jury trial, the jury returned a verdict in rather equivocal language, to be hereinafter noted, and judgment was entered thereon. After the judgment became final without appeal, plaintiff homeowners filed a Motion to Assess Witness Fees, Attorney Fees and Deposition Costs as Court Costs. The appeal now before us is from the judgment denying this motion.

The verdict of the jury, signed by ten members thereof, was as follows:

"We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find for the plaintiffs, and fix amount of plaintiffs recovery at $0 and find against the defendant on defendant's cross-petition."

We will consider the court costs and attorney fees separately, since different considerations are involved.

In the briefs on appeal, homeowners take the position that because the jury found

"for the plaintiffs", they were the "successful party" on their petition, even though they recovered no money judgment, and that they are therefore entitled to recover their costs as a matter of course under 12 O.S.1971, Section 928. That section provides, in pertinent part, that ". . . costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only . .".

We do not agree that plaintiffs were the "successful" parties on their petition. They sued for *damages* for negligence. Actionable negligence consists of three elements: (1) the existence of a duty on the part of the defendant to protect plaintiff from injury; (2) a violation of that duty; and (3) injury proximately resulting therefrom. *Hembree v. Southard,* Okl., 339 P.2d 777; *Rush v. Mullins,* Okl., 370 P.2d 557; *Nicholson v. Tacker,* Okl., 512 P.2d 156. Since no damages were awarded to plaintiffs on their petition, it necessarily follows that they did not establish actionable negligence, and for that reason they cannot be said to be the successful parties. Not being the successful parties, they are not entitled to costs as a matter of course under 12 O.S.1971, Sec. 928.

Homeowners were admittedly the successful parties in their defense against contractor's cross-petition for the foreclosure of his mechanic's and materialman's lien. However, Sections 928 and 929 are limited to ". . . actions for the recovery of money only, or for the recovery of specific real or personal property", which does not include actions for the foreclosure of such liens. Therefore, they are not entitled to recover costs as a *matter of course* under Sec. 929. (However, see further discussion as to § 930, below.)

Homeowners also seek witness fees, including $200.00 for two named witnesses who apparently testified as experts. However, the right to recover expenses of litigation is strictly a matter of statute, *Sarkeys v. Haas,* Okl., 402 P.2d 894. We know of no statute, and none is called to our attention, which authorizes the assessment of expert witness fees as costs. That being the case, homeowners were limited by the provisions of 28 O.S.1971, Sections 1 and 81, (as applicable when this case was tried) which provide for the payment of witness fees on a per day and per mile basis. The record before us does not show any basis for computing witness fees as provided in those sections. The burden of proof was upon homeowners, as the moving parties, in that regard, and for that reason, we cannot say that the trial court erred in denying witness fees.

Homeowners also asked for an attorney fee, to be taxed as costs, for their successful defense of the lien foreclosure action. Under 42 O.S.1971, Sec. 176, they were entitled to a reasonable attorney fee, to be fixed by the court. The trial court therefore erred in denying such a fee.

In that connection, the record shows that homeowners filed an instrument detailing the number of hours spent by their attorneys in preparing for the defense of the lien foreclosure. There was also a stipulation that the trial court might determine the amount of the fee without further evidence as to the value thereof. The instrument filed showed a total of 60 hours spent in preparation for the defense. However, it shows that at least some of the time detailed must have been in preparation for, and trial of, homeowners' own tort action. For instance, it shows that the attorneys spent "Three Full Days of Trial" or 24 hours. Obviously, a portion of the trial time must be attributed to plaintiff's action, and not to defendant's cross action. The same is true of another item "Two Pre-trial Conferences". The pre-trial conference orders show that both homeowners' petition and contractor's cross-petition were considered at those conferences.

It should be kept in mind that only the claims of homeowners are before us, since the contractor did not appeal. In view of the discretion to be involved in determining the apportionment of court costs, and especially in determining the amount of the attorney fee, it is obvious that the trial court is in a much better position to make such determinations than is an appellate

court. For instance, any determination by this Court as to the amount of time to be attributed to the defense of the lien foreclosure would be purely arbitrary.

In summary: the judgment of the trial court is affirmed in its denial of witness fees to homeowners; as to the other costs claimed, homeowners are entitled to such portion thereof as the trial court in its discretion may think "right and equitable", under 12 O.S.1971, Sec. 930 for costs of defending against foreclosure of materialman's lien. As to the attorney fee for the defense of the lien foreclosure, homeowners are entitled to a reasonable fee, to be fixed by the trial court under 42 O.S.1971, Sec. 176.

The decision of the Court of Appeals is vacated; the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded to the trial court with directions to proceed in accordance with the views herein expressed.

All Justices concur.